## COFFIN'S *case.*

Where the plaintiff in an action served his own writ by leaving a summons with the defendant, and made a return of the same, with an attachment of property thereon, in the name of *J. D.* a deputy sheriff;—this was held not to be "pretending himself to be a deputy sheriff," nor acting *as such ;* and therefore not indictable under *Stat.* 1821, *ch.* 92, *sec.* 8.

THE defendant was indicted for falsely pretending himself to be a deputy sheriff, and taking upon himself to act as such, in assuming to serve a writ in his own favor against one *Mehitable Berry.*

At the trial, it appeared that the defendant left the summons in the window of the house, and wrote a return on the writ stating that fact, and the attachment of certain real estate ; which he signed with the name of one *Joseph Davis,* a deputy sheriff of this county ; and that soon afterwards, meeting *Davis* in his office, he held up the return at a little distance from him, saying, "I have served a writ for you ; you wont deny your name, will you ?" Perceiving *Davis* to hesitate, he repeated the question ; to which *Davis* replied "No, I shall not deny my name."—But this, the officer testified, was said not intending to acknowledge the signature, but to obtain possession of the writ, that he might take a memorandum of the names of the parties, and the date of the return. The jury found that the signature to the return was not the handwriting of *Davis.*

Hereupon the defendant contended that what was thus done by him did not constitute the offence charged ;—and that what passed between himself and the officer was a sufficient recognition of the act, to authorize an acquital. But by direction of *Weston J.* before whom the cause was tried, a verdict was returned against the defendant ; which was taken subject to the opinion of the court upon the points raised in defence ; it being agreed that if the court should be of opinion with the defendant, the verdict should be set aside, and a general verdict entered in his favor.

The cause was submitted without argument.

MELLEN C. J. delivered the opinion of the Court.

The language of the 8th *sect.* of the revised statute, *ch.* 92, on which the indictment is founded, is this :—" Be it enacted that if any person, not being really and *bona fide* a sheriff, deputy sheriff or constable, shall pretend himself to be either of said officers, and take upon himself to act as such, or to require any person or persons to aid or assist him in any matter appertaining to the duty of sheriff," &c. To subject a person to the penalties of the above provision he must do both the acts specified ; he must pretend himself to be a sheriff, deputy or constable, and assume to act as such. The offence is charged in the words of the statute ; but the proof was, not that the defendant pretended himself to be a deputy sheriff, but that he did an act in the name of the deputy sheriff mentioned, and with the intention of obtaining his sanction and adoption of it. This branch of the charge therefore, is disproved by the evidence, and this is a constituent part of the offence described in the statute. Neither do we think that the defendant in what he did, " took upon himself" to act as a deputy sheriff, according to the true construction or design of the act, which evidently contemplates the open assumption and exercise of authority, claiming it as officially belonging to him ; as in the instance put, of requiring aid and assistance.

We are all of opinion that the indictment is not maintained by the proof ; and according to the agreement in the case, the verdict must be set aside, and a general verdict be entered for the defendant.